IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03491-BNB

DAVID J. MYERS,

     Plaintiff,

v.

UNKNOWN UNIDENTIFIED MAILROOM PERSONNEL OF THE BUREAU OF
     PRISONS MAILROOM STAFF AT FCI-ENGLEWOOD, (Individual Capacities),
MR. K. MORGAN, (First Name Unknown to Plaintiff), (Individual Capacity),
MRS. R. HUFNAGLE, (First Name Unknown to Plaintiff), (Individual Capacity),
MR. RENE GARCIA, (Individual Capacity),
MR. PAUL LAIRD, (Individual Capacity), and
MR. HARRELL WATTS, (Individual Capacity)

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David J. Myers, is a prisoner in the custody of the Federal Bureau of
Prisons at the Federal Correctional Institution in Englewood, Colorado.  Mr. Myers
initiated this action by filing *pro* se a complaint (ECF No. 1).  On February 6, 2014, Mr.
Myers filed on the proper form a Prisoner Complaint (ECF No. 8).  He seeks damages
as relief.

The court must construe the Prisoner Complaint liberally because Mr. Myers is
not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);
*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be
an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated
below, Mr. Myers will be ordered to file a second amended complaint.

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Myers asserts eleven claims for relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "Under *Bivens*, an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority*." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis in original). It is clear that Mr. Myers is seeking damages from federal officials in their individual capacities. However, he fails to provide specific

factual allegations that demonstrate his federal constitutional rights have been violated. In fact, with the exception of claim eleven, Mr. Myers fails to identify the specific federal constitutional right allegedly violated in any of his claims.  As a result, he fails to provide a short and plain statement of his claims showing he is entitled to relief.  To the extent Mr. Myers may be asserting *Bivens* claims against Defendants premised on denials of administrative grievances, the claims lack merit because the denial of a prisoner's administrative grievance does not implicate a constitutionally protected interest.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (agreeing with "sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that lack of response to jail inmate's grievance does not constitute a constitutional violation).

Mr. Myers will be ordered to file a second amended complaint if he wishes to pursue any claims against Defendants.  Mr. Myers should name as Defendants only those persons he contends violated his federal constitutional rights.  Mr. Myers "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor*

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Myers file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Myers shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Myers fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED February 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge