IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03491-BNB

DAVID J. MYERS,

     Plaintiff,

v.

UNKNOWN UNIDENTIFIED MAILROOM PERSONNEL OF THE BUREAU OF
     PRISONS MAILROOM STAFF AT FCI-ENGLEWOOD, (Individual Capacities)
     (Individuals Unknown and Unidentified at time of Filing),
MR. K. MORGAN, (Individual Capacity) (First Name Unknown to Plaintiff at time of
     Filing),
MRS. R. HUFNAGLE, (Individual Capacity) (First Name Unknown to Plaintiff at the time
     of Filing),
MR. RENE GARCIA, (Individual Capacity),
MR. PAUL LAIRD, (Individual Capacity), and
MR. HARRELL WATTS, (Individual Capacity)

     Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, David J. Myers, is a prisoner in the custody of the Federal Bureau of

Prisons (BOP) at the Federal Correctional Institution at Englewood, Colorado (FCI-

Englewood).  Mr. Myers initiated this action by filing *pro se* a complaint (ECF No. 1).  On

February 6, 2014, he filed on the proper form a Prisoner Complaint (ECF No. 8).

On February 10, 2014, Magistrate Judge Boyd N. Boland entered an order

directing Mr. Myers to file a second amended complaint that clarifies the claims he is

asserting in this action.  On March 7, 2014, Mr. Myers filed an amended Prisoner

Complaint (ECF No. 11) pursuant to *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his rights under the United States

Constitution have been violated.  Although Mr. Myers also lists 42 U.S.C. §§ 1981,

1985, and 1986 in the jurisdiction portion of the amended Prisoner Complaint (*see* ECF

No. 11 at 4), he does not assert any claims pursuant to those statutes.  He seeks

damages as relief.

The Court must review the claims Mr. Myer asserts in the amended Prisoner

Complaint because he is a prisoner and he is seeking redress from officers or

employees of a governmental entity.  *See* 28 U.S.C. § 1915A.  Pursuant to §

1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any

portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is

one in which the plaintiff asserts the violation of a legal interest that clearly does not

exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*,

490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the

action as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr.

Myers is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner

Complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Myers asserts eleven claims for relief in the amended Prisoner Complaint,

each of which arises out of his efforts to utilize the BOP administrative remedy

procedure.  Construing the amended Prisoner Complaint liberally, Mr. Myers contends

in his first ten claims that Defendants violated his constitutional right to seek redress of

grievances by misplacing, stealing, denying, or failing to respond to his administrative

grievances and appeals.  Mr. Myers contends in his eleventh claim for relief that

Defendants violated his constitutional right to due process between August 24, 2012,

and May 23, 2013, because "nothing has thus far been corrected or remedied to [his]

satisfaction" with respect to his administrative grievances and appeals.  (ECF No. 11 at

15.)

"Under *Bivens*, an individual has a cause of action against a federal official in his

individual capacity for damages arising out of the official's violation of the United States

Constitution under color of federal law or authority."  *See Dry v. United States*, 235 F.3d

1249, 1255 (10th Cir. 2000) (emphasis in original removed).  It is clear that Mr. Myers is

seeking damages from federal officials in their individual capacities.  However, he fails

to allege facts that support an arguable constitutional violation.

The essence of the claims Mr. Myers asserts in the amended Prisoner Complaint

is either that he was prevented from exhausting administrative remedies or that he was

denied the administrative remedies he sought.  Mr. Myers fails to demonstrate a

constitutional violation with respect to these claims because "there is no constitutional

right to participate in grievance proceedings."  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.

1994); *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (agreeing

with "sister circuits that a prison grievance procedure does not provide an inmate with a

constitutionally protected interest"); *Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011)

(affirming dismissal under § 1915A of inmate's claim based on alleged denial of access

to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that lack of response to jail inmate's grievance does not constitute a constitutional violation).  Even assuming Mr. Myers was attempting to exhaust administrative remedies in anticipation of filing a federal lawsuit and that prison officials prevented him from exhausting administrative remedies, he fails to demonstrate those prison officials violated his constitutional rights.  Instead, the consequence of such action is that the exhaustion requirement would be excused.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust.").  As a result, Mr. Myers cannot state an arguable constitutional claim with respect to the alleged losses, theft, and denials of his administrative grievances and appeals.

Because the facts Mr. Myers alleges do not state an arguable claim, the amended Prisoner Complaint will be dismissed as legally frivolous.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint (ECF No. 1), the Prisoner Complaint (ECF No. 8), the amended Prisoner Complaint (ECF No. 11), and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

4

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __18th__ day of __March__, 2014.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court