IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03491-LTB

DAVID J. MYERS,

      Plaintiff,

v.

UNKNOWN UNIDENTIFIED MAILROOM PERSONNEL OF THE BUREAU OF
      PRISONS MAILROOM STAFF AT FCI-ENGLEWOOD, (Individual Capacities)
      (Individuals Unknown and Unidentified at time of Filing),
MR. K. MORGAN, (Individual Capacity) (First Name Unknown to Plaintiff at time of
      Filing),
MRS. R. HUFNAGLE, (Individual Capacity) (First Name Unknown to Plaintiff at the time
      of Filing),
MR. RENE GARCIA, (Individual Capacity),
MR. PAUL LAIRD, (Individual Capacity), and
MR. HARRELL WATTS, (Individual Capacity)

      Defendants.

_____

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

_____

      Plaintiff, David J. Myers, has filed *pro se* a "Motion to 'Alter or Amend Judgment'

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" (ECF No. 14) asking the

Court to reconsider and vacate the Order of Dismissal (ECF No. 12) and the Judgment

(ECF No. 13) entered in this action on March 18, 2014.  The Court must construe the

Rule 59(e) motion liberally because Mr. Myers is not represented by an attorney.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  For the reasons stated below, the Rule 59(e) motion will be denied.

      A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.

1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate

when "the court has misapprehended the facts, a party's position, or the controlling law."

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a

Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to

advance arguments that could have been raised previously.  *See id.*

Mr. Myers asserts eleven claims in his amended complaint contending his federal

constitutional rights were violated either because he was prevented from exhausting

administrative remedies or because he was denied the administrative relief he sought.

The Court determined these claims are legally frivolous and dismissed the action

because Mr. Myers does not have a constitutional right to participate in administrative

grievance proceedings.

After consideration of the Rule 59(e) motion and the entire file, the Court finds

that Mr. Myers fails to demonstrate some reason why the Court should reconsider and

vacate the order dismissing this action.  The Court remains convinced that the claims

Mr. Myers asserts in the amended complaint are legally frivolous because the facts he

alleges do not implicate a federal constitutional violation.  Therefore, the Rule 59(e)

motion will be denied.  Accordingly, it is

ORDERED that the "Motion to 'Alter or Amend Judgment' Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" (ECF No. 14) is DENIED.


DATED at Denver, Colorado, this __1st__ day of ____April_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court